IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| WILLIE SAM BIVINS, | : | |
| Petitioner | : | |
| VS. | : | CIVIL NO. 1:14-CV-002-WLS-TQL |
| STATE OF GEORGIA, | : | |
| Respondent | : | |

**ORDER**

Petitioner **WILLIE SAM BIVINS** has filed an application for federal habeas corpus relief under 28 U.S.C. § 2254 to challenge his September 20, 2013, conviction in the Doughery County Superior Court. Under the rules governing habeas corpus actions, district courts are required to promptly examine every application filed and thereafter enter a summary dismissal if it "plainly appears from the face of the petition that the petitioner is not entitled to relief in the district court." See 28 U.S.C. § 2254 Rule 4; McFarland v. Scott, 512 U.S. 849, 856, 114 S.Ct. 2568, 2572, 129 L.Ed.2d 666 (1994); see also 28 U.S.C. § 2243. It is plain on the face of the present application that Petitioner is not now entitled to relief in the district court.

"The federal habeas corpus statute, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and as interpreted by the United States Supreme Court, limits the power of a federal court to grant a writ of habeas corpus vacating the conviction of a state prisoner . . . ." Hardy v. Commisioner, Ala. Dept. of Corr., 684 F.3d 1066, 1074 (11th Cir. 2012) (citing Cullen v. Pinholster, -- U.S. --, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011); 28 U.S.C. § 2254(b)–(c)). One of those limitations is that a district court "may not grant such applications unless . . . the applicant has exhausted state remedies." Cullen, 131 S.Ct.

at 1398.  A state prisoner is thus required (with few exceptions) to "exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

"A failure to exhaust occurs . . . when a petitioner has not 'fairly presented' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review."  Pope v. Secretary for Dept. of Corrections, 680 F.3d 1271, 1284 (11th Cir. 2012) (internal alterations omitted); Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010) (per curiam).  The exhaustion requirement thus reflects a policy of comity between state and federal courts.  Picard, 404 U.S. at 274 (citations omitted).  It is "an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Id.  "If a petitioner fails to exhaust his state remedies, a district court must dismiss the petition without prejudice to allow for such exhaustion." Gore v. Crews, 720 F.3d 811, 815 (11th Cir. 2013).

In this case, Petitioner's application plainly shows that he has failed to exhaust. According to the application, Petitioner filed a "notice of appeal" in his state criminal case on September 26, 2013, which the Superior Court has not yet replied to or "transmitted" to the Georgia Court of Appeals. See Petition (Doc. 1) at 2.  No state court has yet had an opportunity, on either direct appeal or collateral review, to consider Petitioner's constitutional claims.

Because this failure to exhaust cannot be cured by permitting Petitioner an opportunity to amend, his application is **DISMISSED** without prejudice.[1]  Petitioner must return to the state courts and present his claims through either direct appeal or collateral review.  Once he has done this, and thereby afforded the State an opportunity to review his grounds for relief, he may return to federal court, if necessary.

---

[1] Leave proceed *in forma pauperis* is granted only for the purpose of dismissal.

Petitioner has no absolute entitlement to appeal this dismissal.  28 U.S.C. § 2253(c)(1). Before he may appeal, the district court must first issue a certificate of appealability ("COA"). See 28 U.S.C. § 2253(c)(1); 28 U.S.C. §2254, Rule 11(a).  When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).  Because it is clear on the face of the application that Petitioner failed to exhaust available state judicial remedies before filing in federal court, reasonable jurists could not find that a dismissal of the instant action was debatable or wrong.  Petitioner is accordingly **DENIED** a COA.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving denial of COA before movant filed a notice of appeal).

**SO ORDERED**, this  14th  day of January, 2014.

/s/ W. Louis Sands
W. LOUIS SANDS, JUDGE
UNITED STATES DISTRICT COURT